Filed 11/2/20  P. v. Townsend CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C090050 |
| Plaintiff and Respondent, | (Super. Ct. No. 17CF03497) |
| v. | |
| TERYLL DEAVE TOWNSEND, | |
| Defendant and Appellant. | |

Appointed counsel for defendant, Teryll Deave Townsend, has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors favorable to defendant, we will affirm the judgment.

BACKGROUND

In January 2018 defendant pleaded no contest to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) and admitted a prior strike conviction (Pen. Code, § 1170.12).  Pursuant to the plea agreement, the trial court sentenced defendant to eight years in state prison.

1

On March 20, 2018, defendant filed a motion to withdraw from his plea and filed a notice of appeal nine days later. Defendant subsequently filed an amended motion to withdraw his plea, relying on Penal Code section 1018.

On June 20, 2018, defendant filed another notice of appeal, this time claiming ineffective assistance of counsel. Shortly thereafter, the trial court denied defendant's motion to withdraw from the plea agreement finding the court lacked jurisdiction to rule on the motion because the case was on appeal.

On October 11, 2018, this court dismissed defendant's pending appeal "pursuant to the appellant's written request." Defendant subsequently petitioned the trial court for a writ of habeas corpus and a writ of *coram nobis*. In January 2019 the trial court denied his petition.

In February 2019 defendant filed another motion to withdraw from his plea agreement, again relying on Penal Code section 1018. Defendant argued he was entitled to relief because he was misled by his counsel during the plea negotiation process, the facts of his crime did not warrant an eight-year sentence, and he did not knowingly or intelligently enter into the plea agreement. The People opposed defendant's motion. The trial court denied defendant's motion, finding he was not "eligible for relief under PC 1018."

Defendant appeals from that order. The trial court denied his request for a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)

Defendant filed a supplemental brief rearguing the facts of his motion to withdraw from the plea agreement. The trial court denied defendant's motion on the ground he was not entitled to relief under Penal Code section 1018, regardless of the facts. We agree.

Penal Code section 1018 does not permit a defendant to withdraw from his plea agreement after judgment is entered. (*Id.*; see *People v. Gari* (2011) 199 Cal.App.4th 510, 521-522.) Here, defendant sought to withdraw from his plea, long after judgment was entered. Thus, regardless of any factual argument he may have made to the trial court, the court was without authority to grant his motion.

Having also reviewed the record, we find no arguable issues within the meaning of *People v. Wende, supra*, 25 Cal.3d 436.

### DISPOSITION

The order of the trial court is affirmed.


_____/s/_____
RAYE, P. J.



We concur:



_____/s/_____
BLEASE, J.



_____/s/_____
KRAUSE, J.

3